**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 26-10605
Non-Argument Calendar

————————————

MARK T. STINSON,

*Plaintiff-Appellant,*

*versus*

WAYNE HADDIX,
   d.b.a. Ventures Partnership,
AMERIPRISE FINANCIAL SERVICES, INC.,
SHELBY COUNTY BOARD OF EDUCATION,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-24740-EA

————————————

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Mark Stinson, proceeding pro se, filed this action in the Southern District of Florida, seeking relief for alleged breach of fiduciary duty. In 2024, the district court sua sponte transferred the action to the Western District of Tennessee under 28 U.S.C. § 1406(a) and denied Stinson's motion to reconsider the transfer. Stinson appealed those rulings, but we dismissed the appeal for lack of jurisdiction because the transfer rulings are not final decisions or otherwise immediately appealable.

Stinson then filed in the Southern District of Florida a Federal Rule of Civil Procedure 60(b) motion to vacate the transfer order. The district court denied that motion in an order entered on February 23, 2026, and Stinson now appeals from that order.

Like Stinson's previous appeal, we lack jurisdiction over this appeal. The district court's denial of Stinson's Rule 60(b) motion to vacate, which did not end the litigation on the merits, is not a final, appealable order. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that, generally, "[a] final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). Further, the order is not appealable under the collateral order doctrine because it is not effectively unreviewable on appeal from the final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.